# UNITED STATES DISTRICT COURT
# FOR THE
# WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LINDA FLIPPIN, | ) |
| Plaintiff, | ) |
| v. | ) **Case No.:** |
| FINANCIAL ASSET MANAGEMENT SYSTEMS, INC., | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) **(Unlawful Debt Collection Practices)** |

LINDA FLIPPIN, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against FINANCIAL ASSET MANAGEMENT SYSTEMS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Tennessee, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Arlington, Tennessee.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with corporate headquarters located at 1967 Lakeside Parkway, Suite 402, Tucker, GA 30084.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect an alleged consumer debt of $456.09 arising from a Citibank credit card.

11. Upon information and belief, the alleged debt at issue arose out of transactions which were for personal, family, or household purposes, as plaintiff did not have any business or commercial debt

12. During the time period between March 2013 and April 2013, Defendant's collectors placed continuous, repetitive and harassing telephone calls to Plaintiff's home telephone in its attempts to collect the alleged debt.

13. Plaintiff received, on average, at least two to three calls per day.

14. These calls originated from numbers including, but not limited to (800) 282-2069 and (800) 530-2609. The undersigned has confirmed that these numbers belong to Defendant.

15. These repeated calls were part of a pattern intended to harass, annoy and coerce Plaintiff into paying the alleged debt.

16. When Plaintiff received these calls, she immediately informed Defendant's collectors that she wished to dispute the debt, because she had already paid the debt off in full in 2008.

17. Plaintiff also requested Defendant cease calling her.

18. However, Defendant's debt collector's continued to call Plaintiff.

19. Once Defendant was informed that the debt was disputed and requested to cease telephone calls to Plaintiff, there was no lawful purpose to making further calls to Plaintiff and the calls were only made to harass, annoy and abuse Plaintiff.

20. Upon information and belief, Defendant has not sent any written correspondence to Plaintiff, regarding the underlying debt, or informing Plaintiff of her rights under the FDCPA.

21. Defendant's conduct as described herein was made with the intent annoy, harass, and coerce payment for an alleged debt.

## RESPONDEAT SUPERIOR LIABILITY

22. The acts and omissions of debt collectors employed by Defendant and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principle, the Defendant.

23. The acts and omissions by the debt collectors were incidental to, or of some general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

24. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principle, the Defendant.

25. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal

law by its collection employees including, but not limited to violations of the FDCPA, in their attempts to collect the alleged debts from Plaintiff

## COUNT I
### DEFENDANT VIOLATED § 1692d and § 1692d(5) OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct, the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

28. Defendant violated §§ 1692d and 1692d(5) of the FDCPA when it made repeated calls to Plaintiff's cellular telephone with the intent to harass or annoy Plaintiff and continued to contact Plaintiff after being to informed that the debt was being disputed and requested to cease these calls.

## COUNT II
### DEFENDANT VIOLATED § 1692f OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

30. Defendant violated § 1692f of the FDCPA when it made repeated calls to Plaintiff's cellular telephone with the intent to harass or annoy Plaintiff and continued to contact Plaintiff after being to informed that the debt was being disputed and requested to cease these calls, when it failed to send written notice to the Plaintiff as required by the FDCPA within five days of its initial contact with Plaintiff, and when it used other unfair or unconscionable means to

collect the alleged debt

## COUNT III
## DEFENDANT VIOLATED § 1692g(a) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

31. Section 1692g(a) of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt, the name of the creditor to whom the debt is owed, and that if the debt is disputed, the debt collector will obtain verification of the debt.

32. Defendant violated § 1692g(a) of the FDCPA when it failed to send written notice to the Plaintiff as required by the FDCPA within five days of its initial contact with Plaintiff.

WHEREFORE, Plaintiff, LINDA FLIPPIN, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff LINDA FLIPPIN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 2/24/2014              KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff
    Kimmel & Silverman, P.C.
    30 E. Butler Pike
    Ambler, PA 19002
    Phone: (215) 540-8888
    Fax: (877) 788-2864
    Email: abennecoff@creditlaw.com
    Attorney for Plaintiff